306 A.2d 173.

STATE *vs.* JOHN L. TAYLOR.

JUNE 20, 1973.

PRESENT: Roberts, C. J., Paolino and Kelleher, JJ.

KELLEHER, J.   The defendant is before us on his exception taken to a finding made by a justice of the Superior Court that he had violated the terms of his deferred sentence.

On June 3, 1965, Taylor appeared in the District Court of the Sixth Judicial District and pleaded nolo to a charge of driving a motor vehicle upon a public highway while under the influence of intoxicating liquor. He was fined $100 and took an appeal to the Superior Court. He appeared there on November 4, 1965 and repeated his previous plea but instead of a fine, he received a deferred sentence. In September, 1966, the Pawtucket police charged him with reckless driving. Within the month, a capias was issued at the request of the Attorney General directing that Taylor be apprehended and brought before the Superior Court for the purpose of determining whether he violated the terms of his deferred sentence agreement. Taylor was picked up on October 6 and brought before the court. He was released on personal recognizance pending a hearing. The reckless driving charge was discontinued on December 28, 1966 and in January, 1967, a Superior Court justice ruled that Taylor's deferred sentence status would remain unchanged.

Two years later, on February 17, 1969, Taylor was before the District Court of the Tenth Judicial District where he pleaded guilty to two charges — going through a stop

sign and refusing to stop for a police officer. He was fined $15 on each charge. On March 18, 1969, the Attorney General's Department asked for and received another capias. The capias was never served. Taylor surrendered himself on June 8, 1971.

When Taylor appeared at the violation hearing, he challenged the court's power to impose any sentence upon him. He directed the court's attention to that portion of G. L. 1956 (1969 Reenactment) §12-19-19 which provides that sentence may be imposed only during the five-year period following the execution of the deferred sentence agreement. Taylor did some subtraction and pointed out that over five years and seven months had elapsed between the time he signed the deferred sentence agreement and his 1971 return to the Superior Court. The trial justice was impressed with Taylor's mathematical ability but not with his legal conclusions.

Taylor asserts that during the entire one and one-half year period following the March, 1969 issuance of this capias, he was living in Pawtucket and reporting regularly to his probation officer. He argues that the state cannot obtain a capias, sit back, do nothing to effectuate its service, and then pick up a probationer after his five-year probationary term has expired.

The purpose of the time limitation in which a sentence can be imposed is to assure a defendant that once his sentence is deferred, he will not have the threat of imprisonment for this offense hanging over his head for the rest of his life. The five-year period described in §12-19-19 affords an accused an opportunity to rehabilitate himself free from physical restraint and simultaneously gives society a means of protecting itself in the event rehabilitation is not achieved. *Shahinian* v. *Langlois*, 100 R. I. 631, 218 A.2d 461 (1966); *Powers* v. *Langlois*, 90 R. I. 45, 153 A.2d 535 (1959); *Giroux* v. *Superior Court*, 86 R. I. 48, 133 A.2d

636 (1957). However, the running of the five-year term, like any statute of limitations, can be tolled in a given situation.

The issuance of the capias tolled the running of the five years. Once the capias is issued, it is the state's obligation to make a diligent effort to complete its service within a reasonable time after its issuance. *See Caprio* v. *Fanning & Doorley Constr. Co.,* 104 R. I. 197, 243 A.2d 738 (1968). If a bona fide effort is not made to serve the accused and the five-year period expires, the state will be barred from picking up the accused. The principles just enunciated are of little help to Taylor.

Part of the record is a presentence report prepared by Taylor's probation officer. It paints a different picture than the version given by Taylor. The report makes it clear that the last time Taylor reported to the officer was on November 29, 1967. The officer also notes that in July, 1969 Taylor left Rhode Island and was hospitalized in Massachusetts for a five-month period. He was rehospitalized in the same institution in June, 1970. Taylor has spent some time in Nevada and California. All of this out-of-state travel was done without notification to or permission of the probation officer.

Taylor's departure from Rhode Island and his failure to make his whereabouts known made it impossible for the state to serve the capias within a reasonable time after its issuance. We cannot endorse the proposition that a defendant on a deferred sentence can put himself out of the court's reach by not being answerable to the capias, enjoy his freedom from sentence while the statute runs and when finally located prohibit the court from examining his behavior during the time of his probation. *State* v. *Gazda,* 257 So.2d 242 (Fla. 1971).

The defendant's exception is overruled and his appeal is denied and dismissed.

Mr. Justice Joslin and Mr. Justice Doris did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Joseph A. Capineri,* for defendant.