STATE of Rhode Island

v.

Terrence P. TRAUDT.

No. 95–662–CA.

Supreme Court of Rhode Island.

July 9, 1996.

Andrea J. Mendes, Providence, for Plaintiff.

Paula Lynch Hardiman, Providence, for Defendant.

**OPINION**

PER CURIAM.

This case came before a hearing panel of this court on June 18, 1996 pursuant to an

9. Percy Bysshe Shelley, "Ode to a Skylark."

order directing both parties to show cause why the issues raised in this case should not be summarily decided. The defendant, Terrence Traudt (defendant), seeks review of a Superior Court's determination that he violated the terms of his probation. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that this matter should be summarily decided. A summary of facts as found by the motion justice follows.

On or about October 17, 1987, defendant, while acting as a closing attorney, embezzled in excess of $124,000 which had been entrusted to him by Michael and Kathleen Baker. He was subsequently charged with embezzlement pursuant to G.L.1956 §§ 11–41–3, and § 11–41–5 as amended by P.L.1987, ch. 90, § 1.

On February 13, 1989, defendant entered a plea of nolo contendere to the charge of embezzlement of over $500. He was sentenced to five years at the Adult Correctional Institutions, with five months to serve, fifty-five months suspended, and fifty-five months' probation. The defendant was also ordered to make restitution in the amount of $124,-747.20. At a hearing held on March 1, 1989, the motion justice ordered defendant to pay a portion of the restitution in the amount of not less than $50,000, by November 1, 1989. The defendant, however, never complied with this order.

On July 18, 1991, in response to defendant's failure to make timely restitution payments, a different motion justice set forth a restitution-payment schedule requiring defendant to pay 4.5 percent of his monthly gross salary or $160, whichever was greater. On December 14, 1992, a third motion justice ordered defendant to continue making the $160 monthly payments as well as an additional $20 per month to make up for arrearages which he had incurred.

At a probation-review hearing held on June 8, 1993, the third motion justice noted that at the current rate of payment, defendant would be unable to pay the required restitution fully by the expiration of his sentence. In order to avoid a notice of probation-violation for nonpayment of restitution pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure, defendant agreed to extend his probation until March 1, 1995. By agreeing to extend his probation, defendant was given an additional year to pay the restitution amount in full. The defendant, however, failed to satisfy this obligation.

On September 19, 1994, defendant was presented with a Rule 32(f) notice-of-probation violation when it became clear that he would not pay the restitution amount in full by the end of his probation term. In response, defendant filed a motion to dismiss the state's motion to adjudge him a violator pursuant to Rule 32(f). After hearing arguments on defendant's motion to dismiss, a fourth motion justice denied defendant's motion. On June 23, 1995, the fourth motion justice determined that defendant had violated the terms of his probation and sentenced him to four years to serve.

■  The defendant has now filed this appeal. He argues that when he was presented with the probation-violation notice on September 19, 1994, he was no longer on probation. He maintains that the original probationary period of fifty-five months imposed upon him had already expired. Although he had agreed to extend his probation for an additional year, defendant now contends that the trial court had no authority to accept such an agreement and that the trial court could not extend his probation beyond the period originally imposed. Therefore, defendant argues, the state's motion to adjudge defendant a violator pursuant to Rule 32(f) should have been dismissed at the time he appeared as an alleged violator on September 19, 1994.

We agree. We are of the opinion that the parties in this action cannot enter into an agreement to extend defendant's probation period beyond that which was originally imposed by the sentencing justice. *See* G.L. 1956 § 12–19–9. *See also State v. Heath,* 659 A.2d 116 (R.I.1995) (citing *State v. Studman,* 468 A.2d 918, 920 (R.I.1983)); *State v. Taylor,* 473 A.2d 290 (R.I.1984). Consequently, defendant's period of probation had expired prior to the time when he received his proba-

tion-violation notice on September 19, 1994. We are therefore of the opinion that the fourth motion justice erred in granting the state's motion to adjudge defendant a violator pursuant to Rule 32(f).

■ We stress that our decision today does not vitiate defendant's duty to fulfill his obligation regarding the matter of restitution. Because defendant clearly was aware of his continuing obligation to pay the full amount of restitution, we are of the opinion that the expiration of defendant's probation period did not abrogate defendant's obligation to pay the restitution. Accordingly, defendant remains civilly liable for the restitution.

In addition, the defendant's failure to meet his obligation within the time allotted by the sentencing justice persuades us that there is a need for the Superior Court to institute a payment plan in which the defendant is to make scheduled payments. The defendant's obligation will end once the amount of restitution has been paid in full.

For the reasons stated herein, the defendant's appeal is sustained. The adjudication of the defendant as a violator of probation is hereby vacated. We stress that this order does not relieve the defendant of his obligation to make all remaining restitution payments to the victims. The papers of this case are therefore remanded to the Superior Court.

WEISBERGER, C.J., and LEDERBERG, J., did not participate.