DECISION
The defendant, Robert Rioux (Rioux) has filed a motion to correct an illegal sentence to which the State of Rhode Island (State) objects. Rioux challenges the imposition of sentence as a result of revocation of his probationary status and removal of the suspension from a sentence previously imposed. This Court possesses jurisdiction pursuant to R.I.G.L. § 12-19-9 and Super. Ct. R. Crim. P. Rule 35.
 FACTS AND TRAVEL
After review of the facts proffered and consideration of the arguments presented in memoranda and oral argument, this Court makes the following undisputed findings. On February 16, 1990, Rioux offered two pleas of nolo contendere on case numbers P2/90-0669A and P2/90-0670A. After accepting these pleas, the Court imposed the following sentences to run concurrently. In case P2/90-0669A, the Court imposed (1) three years incarceration with one year to serve and two years suspended with two years probation for count one, (2) five years incarceration with one year to serve and four years suspended with four years probation for count two, and (3) five years incarceration with one year to serve and four years suspended with four years probation for count three. These sentences were retroactive to December 13, 1989. In case P2/90-0670A, the Court imposed seven years incarceration with no years to serve and seven years suspended with seven years probation. Since the Court ordered these sentences to run concurrently, Rioux faced a maximum incarceration of seven years.
From November 1990 to January 1997, the State filed three separate motions for revocation of probation as to the above cases pursuant to Super. Ct. R. Crim. P. Rule 32 (f). On November 26, 1990, upon a finding that Rioux had violated the terms of his probation, the Court removed the suspension from count one in case P2/90-0669A, thereby committing Rioux to serve two years of incarceration. The Court continued the suspension of the remaining sentences. On October 20, 1993, upon a finding that Rioux again had violated the terms of his probation, the Court removed the suspensions from counts two and three in case P2/90-0669A and imposed a one year sentence, thereby committing Rioux to serve one year of incarceration. The Court continued case P2/90-0670A on the same suspended sentence. On January 15, 1997, upon finding that Rioux had violated the terms of his probation for a third time, this Court removed the suspension of the seven year sentence from P2190-0670A, thereby committing Rioux to serve seven years of incarceration.
Rioux argues, and the State does not dispute, that on February 16, 1990, he was sentenced to a maximum of seven years of incarceration for sentences imposed on cases P2/90-0669A and P2/90-0670A, and that these sentences were to run concurrently. Rioux asserts that prior to the third probation revocation hearing, the Court had already ordered him to serve four years of incarceration, thus leaving three years remaining on the original sentence. Rioux argues that this Court imposed a consecutive sentence of four years by imposing the entire seven years in addition to the four years he has already served, thus violating the terms of his original sentence. However, the State summarily argues that although the sentence in case P2/90-0670A was to run concurrently with the sentences imposed in P2/90-0669A, the Court may impose the entire suspended seven year sentence at any time during the course of the probation regardless of the number of years of incarceration Rioux has served already.
 IMPOSING SEVEN YEARS INCARCERATION AFTER RIOUX HAS ALREADY SERVED FOUR YEARS VIOLATES THE ORIGINAL SENTENCE
The sentences imposed in these two cases, as the parties agree, were to run concurrently. The parties further agree that the Court sentenced Rioux to a maximum term of incarceration of seven years, and that the Court initially sentenced Rioux to serve one year. Our Supreme Court has stated that when a Court imposes concurrent sentences, the Court at a later time, such as during a probation revocation hearing, shall follow the terms of the original sentence and "[a]ny distinction based upon the fact that different judges imposed . . . suspended sentences for different charges at different times has no persuasive effect."State v. Studman, 468 A.2d 918 (R.I. 1983); See also Pelliccia v.Sharkey, 110 R.I. 319, 292, A.2d 862 (1972). The State has not proffered any record evidence for this Court to conclude that the sentencing justice, by imposing concurrent sentences, intended those sentences to run consecutively in the event of a suspension revocation. This Court upon revocation of a suspended sentence may not compel Rioux "to serve a sentence, or part of a sentence, that he has already served, for that necessarily involves an increase in the original sentence." Williams v. State,414 A.2d 254 (Md. App. 1980).
Pursuant to G.L. § 12-19-9, the Court "upon a determination that the defendant has violated the terms and conditions of his or her probation . . . may remove the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed, as to the court may seem just and proper." Thus, the Court "may not impose a sentence greater than that which was originally imposed and suspended." State v. Dopkowski, 602 A.2d 1185, 1188 (Md. 1992) (citations omitted); See also State v. Heath, 659 A.2d 116 (R.I. 1995). This is because "the intention of the justice who originally imposed the suspended sentence is controlling and that the justice who finds a violation of probationary status and executes the sentence is bound by the initial determination."State v. Studman, 468 A.2d at 920 (citing Pelliccia v. Sharkey,
110 R.I. at 323, 292 A.2d at 865). Accordingly, this Court does not possess the statutory power under R.I.G.L. § 12-19-9 to extend the original sentence previously imposed, State v. Chabot,682 A.2d 1377 (R.I. 1996), just as the Court lacks authority "to extend [a] defendant's probation period beyond that which was originally imposed. . . ." State v. Rice, No. 96-456-C.A., (March 24, 1999) at 5 (citing State v. Traudt, 679 A.2d 330, 331 (R.I. 1996)). Thus, upon this Court determining that Rioux had violated the term of the probation, this Court had options "from continuing the probation to reimposing the full remaining term of a suspended sentence." State v. Dopkowski, 602 A.2d 1189 (quotingMaus v. State, 311 Md. 85, 107, 532 A.2d 1066 (1987)).
From the above findings of fact and conclusions of law, this Court determines that the remaining time on the suspended sentence imposed in P2/90-0670A at the time of the third probation revocation hearing, on January 15, 1997, was three years. Therefore, with regards to P2/90-0670A, this Court hereby vacates its decision to revoke the seven year suspended sentence and impose seven years incarceration and this Court revokes the seven year suspended sentence and imposes three years of incarceration, the time remaining to be served on this suspended sentence.
Counsel shall prepare and submit an appropriate Order for entry of judgment in accordance herewith, within ten days.