ASSOCIATED BUILDERS & CON-
TRACTORS OF RHODE IS-
LAND, INC., et al.

v.

CITY OF PROVIDENCE

v.

Rhode Island Building & Constructions
Trades Council.

No. 99–136–Appeal.

Supreme Court of Rhode Island.

June 8, 2000.

Thomas J. McAndrew, for Plaintiff.

Jeffrey W. Kasle, Marc B. Gursky, Prov-
idence, for Defendant.

Present WEISBERGER, C.J., and
LEDERBERG, BOURCIER,
FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case is before us on the appeal of Associated Builders & Contractors of Rhode Island, Inc., Delta Mechanical of New England, Inc., Regan Engineering & Service, Inc., M & L Power, Inc., Ralph Adamo, and David E. Navach (collectively plaintiffs),[1] from a final judgment entered in the Providence County Superior Court concerning an executive order issued by the mayor of Providence regarding a Pro-ject Labor Agreement (PLA) for certain major public construction projects.[2] The Superior Court judgment dismissed plain-tiffs' action against the defendant, the City of Providence (the city), on the ground that the action was moot. The parties were directed to appear and show cause why the issues raised in this appeal should not be summarily decided. No cause was shown, and we shall decide the appeal at this time.

In early February 1998, the city issued an invitation to bid and bid specifications concerning Phase II of the Fleet Ice Skat-ing Rink Project (the project), a major project to be constructed in Kennedy Pla-

1. The plaintiffs include contractors who oper-ate on an "open shop" or nonunion basis. Specifically, plaintiff Associated Builders and Contractors of Rhode Island, Inc., represents approximately ninety "open shop" or non-union contractors in Rhode Island.

2. Executive Order No. 98–1.

za, in Providence, Rhode Island. On February 11, 1998, the mayor of Providence issued an executive order pertaining to construction projects in the city. The order granted city departments the power to decide whether to require a PLA for certain major public construction projects. The PLA established requirements for hiring union members for these projects, and set forth specific conditions of employment for workers on PLA projects. Two days after that order was issued, the superintendent of parks for the city required a PLA for the project at Kennedy Plaza. On March 9, 1998, plaintiffs filed suit against the city, seeking injunctive and declaratory relief. Shortly thereafter, the Rhode Island Building and Constructions Trades Council (intervenor) intervened as a defendant in the case. The plaintiffs contended that as "open shop" companies that do not use union workers, the mayor's executive order effectively precluded them from submitting bids on the project. Further, plaintiffs argued that the PLA mandate added between 5 and 10 percent to the cost of the project. The trial justice denied plaintiffs' request for injunctive relief, and the project was awarded to union contractors with the PLA in place. Both the city and the intervenor filed a motion to dismiss based upon mootness. However, plaintiffs pressed their claim for declaratory relief, and on May 22, 1998, filed a motion for summary judgment. At a hearing on September 10, 1998, the trial justice dismissed the action as moot, concluding that the contractors had been selected, and plaintiffs had admitted that they had no interest in challenging that bidding process. Judgment was entered on December 17, 1998, and on December 23, 1998, plaintiffs filed this timely appeal.

■ The plaintiffs argued that the trial justice erred in concluding that the issue was moot. The plaintiffs further argued that a determination on the authority of the mayor to promulgate the executive order and PLA should have been made despite the fact that the project has been completed.[3] The plaintiffs maintained that the issue is not moot and argued that it continues to have an adverse impact on their business because the PLA continues to control the awarding of construction projects in the city. Therefore, plaintiffs asserted that the issues are real and not theoretical, and deserve our attention.

On the other hand, both the city and the intervenor argued that the trial justice was correct in dismissing plaintiffs' claim because plaintiffs have failed to raise any actual justiciable controversy, nor could a declaratory judgment affect the bids relating to this completed project. We agree with the trial justice and conclude that no justiciable controversy exists at this time; therefore, the trial justice was correct in granting the motion to dismiss.

■ This Court has consistently held that a case is moot if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant of a continuing stake in the controversy. *Sullivan v. Chafee*, 703 A.2d 748, 753 (R.I.1997); *Seibert v. Clark*, 619 A.2d 1108, 1110 (R.I.1993). This Court will review an otherwise moot case only if the matter is of extreme public importance and likely to recur in such a way as to evade judicial review. *Sullivan*, 703 A.2d at 752 (citing *Morris v. D'Amario*, 416 A.2d 137, 139 (R.I.1980)).

In *Sullivan*, an issue concerning the City of Warwick's municipal budget arose between the mayor of Warwick and various members of Warwick's city council. The council members requested this Court to correct alleged errors in the Superior Court's interpretation of the Warwick charter and "to declare how the budget process is supposed to work under the

---

**3.** Specifically, plaintiffs argued that the executive order and the PLA is contrary to the purpose of public bidding statutes such as G.L.1956 § 45–55–1. In addition, plaintiffs contended that the executive order is outside the scope of the mayor's authority as delineated by the Providence Home Rule Charter, article IV, section 401(a).

city's charter so that the council and the mayor can be guided by [this Court's] advice in future fiscal years." *Sullivan,* 703 A.2d at 749. The council members and the mayor submitted separate budget proposals for the 1997 fiscal year, and we held that the question of which budget was operative was moot because the 1997 fiscal year had concluded and the council members no longer were seeking a ruling that would invalidate that particular budget proposal. *Id.* at 753.

The instant case is analogous to *Sullivan.* Here, the project has been completed, and plaintiffs are not seeking to undo what has been done, that is, nullify the bids. Rather, plaintiffs are seeking a declaratory judgment concerning the executive order and PLA, arguing that the continued threat of the PLA has an adverse impact on their business. Like *Sullivan,* in which the council members sought to be guided for future fiscal years, the plaintiffs here, in essence, are seeking to set aside the PLA for future bids on future construction projects. We are not satisfied that this same or similar question is capable of reoccurrence and yet will evade judicial review. We can simply point to the plaintiffs' subsequent Superior Court challenges for support. In their supplemental memoranda, plaintiffs asserted that they have filed two additional actions challenging the same executive order and PLA, *Associated Builders v. City of Providence,* PC 99–1228; *Delta Mechanical of New England v. City of Providence,* PC 98–3684. Thus, it is clear to us that this is a question that will be subject to judicial review and may, in the very near future, be appropriately before this Court, affording us the opportunity to pass upon the substantive issues raised by the parties and to determine whether in fact, the city, by its actions, is skating on thin ice.

Finally, we are of the opinion that this case is not of such extreme public importance as to cause us to overlook the lack of a justiciable case or controversy. In *Sullivan,* we stated that cases demonstrating extreme public importance are usually matters that relate to important constitutional rights, matters concerning a person's livelihood, or matters concerning citizen voting rights. *Sullivan,* 703 A.2d at 753. The instant case does not address any of these issues, but rather turns on the legality of an executive order, and accordingly, we refuse to afford this claim the safe harbor of extreme public importance.

For these reasons, the plaintiffs' appeal is denied and the final judgment is affirmed. The papers of this case are remanded to the Superior Court.