**STATE**

v.

**Joseph TAVARES.**

**No. 2002–563–C.A.**

Supreme Court of Rhode Island.

Dec. 22, 2003.

Lauren Sandler Zurier, Esq., for Plaintiff.

Paula Lynch, Esq., for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

The defendant, Joseph Tavares, Jr. (Tavares or defendant), appeals from a Superior Court judgment executing his previously suspended five-year sentence for failure to pay restitution. We directed both parties to appear before this Court and show cause why the issues raised in this appeal should not summarily be decided. No such cause having been shown, we proceed to decide the appeal at this time. We sustain the appeal and reverse the judgment.

### Facts and Travel

The history of this case is long and tortuous. On September 14, 1993, Tavares entered a plea of *nolo contendre* to a charge of second-degree sexual assault. The defendant received a sentence of five years suspended, with five years probation. He was also ordered to pay $500 in restitution to the victim as reimbursement

for medical expenses she incurred as a result of defendant's crime. The defendant agreed to make the restitution payments as soon as possible. However, despite innumerable opportunities to do so, defendant failed to make a single payment.

More than three years after the plea in this case, on November 18, 1996, a warrant issued based on defendant's failure to make any restitution payments. In March 1997, the Department of Attorney General filed a violation notice pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure (Rule 32(f) notice), again based on defendant's failure to pay restitution. On March 27, 1997, the Superior Court issued a second warrant for defendant's arrest. On May 18, 1998, Tavares was arrested and presented to the Superior Court Magistrate for failure to pay restitution; he was released on his promise to begin paying $40 per week. He made no payments.

Additionally, on May 20, 1998, Tavares was presented as a probation violator in Superior Court for failure to pay restitution. He was released on personal recognizance and directed to appear for a probation review on September 23, 1998, after the period of probation had expired. The defendant failed to appear for his restitution review before the Magistrate on August 20, 1998, and a warrant issued. He also failed to appear for the probation review on September 23, 1998, and the court directed that a warrant issue.[1]

Meanwhile, defendant's probationary term was scheduled to expire on September 14, 1998; however, because a warrant was outstanding, the probation period was tolled. *State v. Santos,* 498 A.2d 1024 (R.I.1985). The defendant was arrested on the warrant, brought before a justice of the Superior Court on March 26, 1999, and

released on personal recognizance. The record reflects that the case was continued to June 30, 1999, not for a violation hearing, but for a *probation review.* When defendant failed to appear on that date, yet another warrant issued for his arrest. We deem the state's failure to pursue a violation hearing at this point to be determinative of the issues before the Court. Unfortunately, for the next several years, defendant continued to make frequent appearances in Superior Court, but no payments.

The state filed a second Rule 32(f) notice on August 18, 1999, well after the expiration of defendant's probation. This second Rule 32(f) notice was based on the same conduct as the first—failure to pay $500 restitution to the victim. Until he was finally violated in August 2002, defendant made upwards of ten appearances before the Superior Court, and was released every time on his promise to pay the agreed upon restitution; he made no payments and failed to appear for each and every review date. The record discloses that five warrants issued for his arrest.

A violation hearing commenced in Superior Court on August 21, 2002. At this point, defendant asserted that since his sentence had expired on September 14, 1998, the state's Rule 32(f) notice filed in August 1999 was untimely. Citing *State v. Traudt,* 679 A.2d 330 (R.I.1996), defendant also asserted that his probation could not be extended for purposes of payment of restitution. He further argued that he could not afford to make the restitution payments and that the state could not imprison him without first proving that he had the ability to pay and his failure to do so was deliberate.

The hearing justice rejected defendant's arguments and concluded that his "sus-

---

1. The record discloses that the warrants were "updated" by the clerk.

pended sentence was tolled for more than a year, from March of 1997 to April of 1998," and that each subsequent warrant "tolled the period of that suspended sentence." The hearing justice found that the tolling periods validated the state's second Rule 32(f) notice filed on August 18, 1999. Accordingly, the hearing justice ruled that Tavares was still on probation and that his suspended sentence was still active. It appears that the hearing justice proceeded on the second Rule 32(f) notice that was filed after the period of probation had lapsed. Further, the court determined that by not making restitution payments, he was in violation of the terms and conditions of his five-year suspended sentence.[2] The hearing justice revoked defendant's suspended sentence and ordered him to serve five years at the Adult Correctional Institutions.

## Discussion

On appeal, defendant argues the same issues that he raised with the trial justice. First, Tavares contends that the hearing justice exceeded his authority by revoking his probation nearly four years after it had expired. Second, he asserts that imposing a five-year sentence for failure to pay restitution is impermissible because his failure to honor his restitution obligations was based solely on his inability to pay and was not a deliberate refusal. Having raised this issue to the hearing justice at the beginning of the hearing, the question of defendant's ability to pay restitution should have been addressed. *Bearden v. Georgia*, 461 U.S. 660, 672, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). However, in light of our determination that the trial justice exceeded his authority in revoking defendant's suspended sentence after his proba-

tion had expired, we need not decide that issue at this time.

Tavares's sentence, suspended though it was, and the concomitant period of probation, explicitly ran for five years, from September 14, 1993, to September 14, 1998. This sentence effectively created a five-year statute of limitation period during which his probation could be revoked. *Santos*, 498 A.2d at 1026; *see State v. Taylor*, 111 R.I. 653, 655–56, 306 A.2d 173, 175 (1973) (deferred sentence contest). Significantly, defendant's probation was revoked well after that five-year period had expired and well after the warrant that tolled the probationary term had been recalled.

▪ The state's right to have a probationer declared a violator and sentenced to incarceration is neither absolute nor interminable. *Santos*, 498 A.2d at 1026. A state may not seek to violate a defendant after his or her probationary period has expired, unless the running of that period has been tolled. *Id.* The purpose of having a time limitation on the length of the probation is to assure the defendant that once the probation has expired, "he will not have the threat of imprisonment for this offense hanging over his head for the rest of his life." *Id.* (quoting *Taylor*, 111 R.I. at 655, 306 A.2d at 175); *see also Traudt*, 679 A.2d at 331 (holding that neither the court nor the defendant may extend the term of probation by agreement). This Court has previously held that "the issuance of an unexecuted capias before a defendant has completed a [probationary term] tolls the running of the limitations period provided the state has met its obligation to make a 'bona fide effort' to serve the accused." *Santos*, 498 A.2d at 1026 (citing *Taylor*, 111 R.I. at 656, 306 A.2d at

---

**2.** Although characterized as a violation of the terms and conditions of defendant's suspended sentence, the trial justice clearly meant the terms and conditions of defendant's probation.

175). If the state fails to undertake a diligent effort to serve the defendant in order to proceed with a violation hearing, "the state is barred from bringing violation charges after the limitation period has run." *Santos*, 498 A.2d at 1026.

■ In this case, the Attorney General filed a Rule 32(f) notice in March 1997. A warrant issued, and Tavares was brought before the court in May 1998. The matter was continued until August. Certainly, at that time, the parties could have reasonably believed that defendant would satisfy his probation obligation, thereby leading to the withdrawal of the Rule 32(f) notice or, failing that, a violation hearing could have taken place before the expiration of the probationary period on September 14, 1998. The fact that defendant failed to appear for the August hearing was not the fault of the court or the Attorney General and the issuance of an arrest warrant tolled the running of the probationary period. *See Taylor*, 111 R.I. at 656, 306 A.2d at 175.

■ However, we are not persuaded that a bona fide diligent effort was made to proceed with a violation hearing until after the period of probation had long expired. We note that defendant's probation had expired and was merely tolled by the outstanding warrant and was not extended. Once defendant was apprehended and the warrant cancelled, it was incumbent upon the Superior Court and the state to move on the violation hearing within a reasonable amount of time.[3] Instead, the warrant was cancelled and Tavares was released on bail *without a finding*. By failing to proceed with a hearing during the tolling period, the state was barred from seeking to have defendant declared a violator or ordered to serve a term of incarceration.

Accordingly, we are satisfied that once the warrant was cancelled and the violation hearing was continued yet again, the tolling period had lapsed and no action by the court or the Attorney General could restart the tolling period. The defendant's term of probation had expired and he no longer faced incarceration.

Although it is apparent that the various hearing justices refrained from proceeding with a violation hearing in the hope that Tavares would make restitution to the victim, given his track record, that confidence was misplaced. The better course of action in this situation is to proceed with a violation hearing. If the accused is found to be a violator and the court agrees to a further, reasonable grace period, then the sentencing can be continued. In that instance, a violation hearing is conducted during the limitation period and defendant is put on notice that unless he complies with the court's directive, he faces incarceration. Here, Tavares repeatedly insisted that he could make hefty payments if he was released. The threat of jail, although a last resort, may have provided an appropriate reason for defendant to honor his promises. Had Tavares been declared a violator within the tolling period, the court could have allowed him additional time to make restitution without fear that the probationary term would expire. Instead, Tavares appeared before the court after his probation had expired and was

---

**3.** Pursuant to G.L.1956 § 12–19–9, upon presentment as a violator, the court "may order the defendant held without bail for a period not exceeding ten (10) days, excluding Saturdays, Sundays, and holidays. The court shall conduct a hearing to determine whether the defendant has violated the terms and conditions of his or her probation, at which hearing the defendant shall have the opportunity to be present and to respond." We do not suggest that the court is precluded from setting bail in an appropriate case and scheduling a *violation hearing* within a reasonable amount of time.

released on no less than *ten occasions.* We have previously held that a defendant has a right to a finding on a Rule 32(f) notice during the time limitation in which a sentence can be imposed. *Taylor,* 111 R.I. at 655, 306 A.2d at 175. Unfortunately, that did not occur in this case.

Accordingly, we are of the opinion that the trial justice erred in concluding that the period of probation was tolled by the issuance of the numerous arrest warrants. The defendant's probation had expired and the state was barred from bringing viola-tion charges after the limitations period had run. The imposition of a five-year term of incarceration was error and is vacated.

The judgment of the Superior Court is reversed. The papers are remanded to the Superior Court.