STATE

v.

Howard M. COSORES.

No. 2003–440–C.A.

Supreme Court of Rhode Island.

Jan. 11, 2006.

Aaron L. Weisman, Providence.

Paula Lynch, East Greenwich.

# ORDER

This case came before the Supreme Court on November 9, 2005. The defendant, Howard Cosores (defendant), appeals from an adjudication of probation violation by a justice of the Superior Court, which resulted in a sentence of one year at the Adult Correctional Institutions (ACI). The defendant argues that his probationary term had expired before the hearing justice's finding of violation and that the hearing justice lacked the authority to impose a prison sentence under those circumstances. For the reasons stated herein, we vacate the judgment of the Superior Court.

On April 15, 1998, defendant pled *nolo contendere* to a second offense of possession of marijuana. The defendant was sentenced to a one-year suspended sentence, with two years of probation and 100 hours of community service, and he was ordered to attend substance abuse counseling. After defendant failed to report to his probation officer, the state filed a violation report pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure.

A warrant was issued for defendant's arrest on October 5, 1998, but he was not apprehended for over a year. A hearing on the probation violation was scheduled for January 10, 2000, three months before defendant's probationary term was due to expire. Unfortunately, the violation hearing was continued several times, until June 5, 2001, when defendant was declared a violator of his probation. However, defendant's probation had expired at this point and this error was compounded when the court continued the case once more and ordered defendant to comply with all the requirements of his plea agreement.

On July 9, 2001, defendant appeared, and the case was continued yet again. At a hearing six months later, the hearing justice admonished defendant for his positive drug test and ordered him to attend substance abuse counseling. On two subsequent occasions, defendant appeared before the court, and each time the hearing justice instructed him to remain in his substance abuse program and again reprimanded him for his positive drug screenings.

On May 22, 2002, defendant informed the judge that he no longer was enrolled in a substance abuse program. The judge threatened that if defendant did not enroll in another drug counseling program, he would impose defendant's one-year sentence. The defendant complied.

However, on July 24, 2002, defendant presented with another positive drug screen, and the hearing justice summarily imposed sentence; defendant was remanded to the ACI for one year. The defendant filed a motion to correct his sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. The motion was denied, and defendant filed a notice of appeal on September 17, 2002.[1] The judg-

---

1. There is no order denying the Super.R.Crim.P. 35 motion to correct sentence.

However, the Superior Court transcript indicated that this motion was denied on Sep-

ment of conviction was entered on January 9, 2003. The defendant was released from the ACI on July 17, 2003.

The defendant argues that his probation expired on April 14, 2000, in accordance with his original plea. He contends that once the probationary term expired, the Superior Court had no authority to order him to prison. According to defendant, he was available to the court on several occasions before his probation expired, but the court did not proceed with the violation hearing until after the probationary period had expired – in violation of *State v. Tavares*, 837 A.2d 730 (R.I.2003) [2] and *State v. Santos*, 498 A.2d 1024 (R.I.1985).

The state contends that because defendant has served his jail sentence, this appeal is moot and should be dismissed. In passing on the issue of mootness, this Court applies the same standard as the United States Supreme Court. *Witt v. Moran*, 572 A.2d 261, 264 (R.I.1990). Unless an actual controversy exists at the time of appellate review, a case is deemed moot. *In re Tavares*, 885 A.2d 139, 147 (R.I.2005) (citing *Associated Builders & Contractors of Rhode Island, Inc. v. City of Providence*, 754 A.2d 89, 90 (R.I.2000)). The case or controversy requirement dictates that the parties must have a personal stake in the outcome of the lawsuit. *See id.* However, if the issue is of extreme public importance and is capable of repetition, yet evades review, the Court may examine it. *Id.* (citing *In re Paula G.*, 672 A.2d, 872, 874 (R.I.1996)). Here, defendant already has served his sentence and

was released from the ACI in July 2003. Although the completion of a prisoner's sentence renders his or her appeal from the revocation of a term of supervised release moot, *see Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), we deem the issue of whether a defendant can be found in violation after his probation has expired and ordered incarcerated to be of extreme public importance and capable of repetition, yet evading review. Thus, we decline the state's invitation to declare defendant's appeal moot.

The law is clear: a defendant must be declared a violator during the probationary period. *Tavares*, 837 A.2d at 733. A defendant should not have the threat of incarceration hanging over his head for an indeterminate time. *Santos*, 498 A.2d at 1026. In *Tavares*, 837 A.2d at 733, this Court held that a trial court may not revoke probation and order a defendant to prison after the term of probation has expired. Further, the court must make a diligent effort to proceed with the violation hearing, even if the probation period was tolled because of an outstanding arrest warrant or because of the defendant's absence from the state. *Id.* at 734. "If no action is taken or a diligent effort to serve the defendant is not made, the state is barred from bringing violation charges after the limitations period has run." *Santos*, 498 A.2d at 1026.

In this case, the violation hearing originally was scheduled for January 10, 2000, but defendant was not declared a violator

tember 13, 2002. The defendant's notice of appeal says the "Date of Judgment/Order Appealed From" as "9/13/02." Although this suggests that defendant is appealing from the denial of his Rule 35 motion, both defendant and the state now characterize this as an appeal from the adjudication of probation violation.

2. We note that this Court's decision in *State v. Tavares*, 837 A.2d 730 (R.I.2003) was issued after the hearing justice's adjudication of probation violation in this case.

until June 5, 2001 – well after the probationary term had expired. The defendant was available to the court on several occasions, but the court continued the violation hearing, and the probationary period lapsed. Thus, the court did not have the authority to declare the defendant a violator, and the judgment is vacated. The papers may be returned to the Superior Court.