DECISION
On April 13, 2006, Defendant Matiely Sayeh was charged with a technical violation of his sentence. A presentment of April 4, 2006, states in part:
 On February 24, 2006, subject did violate the terms and conditions of probation in that: Defendant failed to report to Probation . . . failed to document completion of Domestic Violence Counseling . . . failed to enroll in [Batterers' Intervention] Counseling.
On October 19, 2005, Mr. Sayeh entered a plea of nolo contendere to disorderly conduct/domestic in violation of G.L. 1956 §§ 11-45-1(a)(1) and 12-29-5. He was sentenced to six months of probation and ordered to complete a batterers' intervention program.
Mr. Sayeh initially appeared to respond to the presentment on April 13, 2006, when he was still on probation. Mr. Sayeh was again ordered to enroll in and complete his counseling and to report to probation. The case was continued for one month and he was released on personal recognizance.
When Mr. Sayeh appeared on May 12, 2006, the State requested an admission of violation. Mr. Sayeh refused and, through counsel, moved to dismiss the violation as untimely.
Superior Court Rule of Criminal Procedure 32(f) allows a person to be presented to the court for violating the terms of his probation. By May 12, 2006, Mr. Sayeh's probation had already expired.
This Court is extremely cognizant of the Rhode Island Supreme Court's recent directives concerning probation violations. InState v. Tavares, 837 A.2d 730, (R.I. 2003), the high court held:
 The State's right to have a probationer declared a violator and sentenced to incarceration is neither absolute nor interminable. A state may not seek to violate a defendant after his or her probationary period has expired unless the running of that period has been tolled. The purpose of having a time limitation on the length of probation is to assure the defendant that once the probation has expired, he will not have the threat of imprisonment for this offense hanging over his head for the rest of his life." Id. at 733. (Citations omitted.)
In State v. Howard M. Cosores, Case No. 03-440, R.I. Supreme Ct. Slip Op. Jan. 11, 2006 at page 4, the high court was just as crisp and distinct: "The law is clear: A defendant must be declared a violator during the probationary period. A defendant should not have the threat of incarceration hanging over his head for an indeterminate time."
The State is concerned that it is without the ability to compel compliance with the sentence and judgment. Completion of a certified batterers' intervention program is statutorily mandated in domestic violence cases. G.L. § 12-29-5(a). The batterers' intervention program typically requires attendance once each week for twenty-six (26) weeks. Defendants who receive a probationary term of several months may not be able to complete this program during their probationary period.[1] Substance abuse counseling, treatment, or restitution payments may also be required long after the probationary period expires.
In Mr. Sayeh's case, the State attempted to compel compliance with the terms of his sentence promptly. The Probation Department forwarded a report to the Attorney General in March of 2006. On April 4, 2006, the Attorney General requested a warrant for the presentment which was promptly authorized. Mr. Sayeh surrendered on the warrant on April 13, 2006. All of this was completed within the terms of the probationary period which expired, at the earliest, on April 19, 2006.[2]
At his presentment, the Court attempted to obtain compliance, but could not have received full compliance within the probationary period.[3]
While the finding of a violation must be reached during the period of probation, this does not render the provisions of countless judgments as nullities. Courts have broad powers to compel compliance with "[t]he inherent power of the courts to punish for contempt of their order has long been recognized by our jurisprudence." Gardner v. Gardner, 821 A.2d 229, 232 (R.I. 2002) (per curiam). See also G.L. 1956 § 8-6-1; Rule 42(a) of the R.I. Rules of Civil Procedure.
Obviously, the State's burden is lower[4] and the remedy is harsh when a convicted defendant violates probation and the suspended portion of his or her sentence may be imposed. The State and the victims have other remedies to ensure obedience to the court's directives. As the State claims that the Defendant is not in compliance with Court orders, the Court will consider an exercise of its contempt powers. The Court must ensure that its orders are adhered to.
One major advantage to the probation revocation procedure is the tremendous assistance afforded to the courts and counsel by the Division of Probation. Every day the Rhode Island Department of Corrections performs exemplary work by carrying out the sentences entered by the judiciary. This is no small task. Too often, the Division of Probation and Parole is unrecognized for its unceasing efforts in supervising convicted criminals who are not in custody. Parole and Probation has become the front line for notifying the court when its criminal orders are not fulfilled. Its patient and watchful eye plays an important role in the success of the criminal justice system. While the officers' diligence is usually unheralded, it is greatly appreciated by the judiciary. By waiting until probation expires to seek compliance, the Court will be without the valued help of these diligent officials.
 Conclusion
The motion to dismiss the alleged violation of probation pursuant to Super. R. Crim. P. 32(f) is granted. The Defendant is ordered to appear and show cause why he should not be held in contempt for his alleged failures to complete and document domestic violence counseling, and for his alleged failure to report to probation when required to do so. A hearing for him to show cause why he should not be held in contempt is scheduled for June 2, 2006 at 9:30 a.m. Mr. Sayeh shall be present at that time.
[1] The Division of Probation indicates that the average length of a probationary sentence is 26 months.
[2] The Court sentenced Mr. Sayeh to six months of probation on October 19, 2005. This six month calculation assumes that the probationary period was never tolled as described in Tavares at 733.
[3] There is no indication that Mr. Sayeh had enrolled in a program when he initially appeared on the warrant.
[4] State v. Texter, R.I. Supreme Ct. C.A. 04-131, April 19, 2006, Slip Op. at pg. 6, the Court again recited the burden of proof at a probation violation hearing: "The only issue at a revocation hearing is whether the defendant has breached a condition of his probation by failing to keep the peace or remain on good behavior. The prosecution need establish a violation only by reasonably satisfactory evidence." (Citations omitted.)