Josephine K. HORTON

v.

Duane M. HORTON.

No. 2005–295–Appeal.

Supreme Court of Rhode Island.

Dec. 7, 2006.

Joseph P. Casale, Middletown.

Roger Roots.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

ORDER

The defendant, Duane M. Horton, appeals from the Family Court's issuance of an order on May 2, 2005, restraining him from contacting his former wife and visiting his children without supervision. This case came before this Court for oral argument on November 9, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the parties' legal memoranda and considering their oral arguments, we are of the opinion that this appeal may be decided at this time, without further briefing or argument. For the reasons set forth below, we deny the appeal.

The restraining order that is the subject of defendant's appeal expired pursuant to its explicit terms on May 2, 2006. Thereafter, the parties agreed to the issuance of mutual restraining orders by the Family Court. In view of the fact that the May 2, 2005 restraining order is no longer in ef-

fect, the appeal is moot. *See Associated Builders & Contractors of Rhode Island, Inc. v. City of Providence*, 754 A.2d 89, 90 (R.I.2000) ("This Court has consistently held that a case is moot if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant of a continuing stake in the controversy."). In addition to the immensely significant fact that the earlier restraining order expired on May 2, 2006, we also find it noteworthy that the parties' subsequent willingness to enter into a mutual restraining order indicates that there has been some change in their mutual relationship.

The defendant argues that, even though the May 2, 2005 restraining order has in fact expired, certain negative effects which the imposition of that order have had on him (*e.g.*, the loss of his job) continue; he contends that, for this reason, he still has a stake in the outcome of this case. We disagree. Any role that the restraining order may possibly have had in the negative events of defendant's life (and we are not convinced that it had any such effect) is dwarfed by other contributing factors (*e.g.*, his felony arrests).

We are further convinced of the appropriateness of our mootness holding in this case when we consider the fact that defendant made absolutely no effort either to seek the issuance of a writ of certiorari [1] or to have this appeal expedited so that it might be heard prior to the expiration of the restraining order which he challenges. We are mindful of the oft-quoted maxim articulated by Judge Selya of the First Circuit: "The law ministers to the vigilant not to those who sleep upon perceptible rights." *Puleio v. Vose*, 830 F.2d 1197, 1203 (1st Cir.1987).

---

1. We remind parties who feel genuinely aggrieved by the issuance of a restraining order against them that the doors of this Court are always open for the filing of a petition for certiorari.

Moreover, we would add that we do not believe that this case implicates issues "*of extreme public importance,* which are capable of repetition but which evade review * * *." *Morris v. D'Amario,* 416 A.2d 137, 139 (R.I.1980) (emphasis added); see also *Sullivan v. Chafee,* 703 A.2d 748, 752 (R.I.1997). Consequently, we are disinclined to overlook the mootness of this appeal.

For these reasons, the defendant's appeal is denied and dismissed in its entirety. The papers in this case may be returned to the Family Court.