STATE

v.

Anthony RATCHFORD.

No. 98–95–C.A.

Supreme Court of Rhode Island.

July 13, 1999.

Aaron L. Weisman, Providence, for Plaintiff.

Richard K. Corley, Providence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Anthony Ratchford, has appealed from a Superior Court adjudication that he violated the terms and conditions of two separate probations. This case came before the Supreme Court on May 19, 1999, pursuant to an order directing the parties to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

On November 22, 1996, at approximately 7 p.m., Detective John Cardon (Cardon) of the Warwick Police Department was patrolling the parking lot at the Rhode Island Mall when he noticed a large, white, four-door Oldsmobile. Cardon later testified that he took note of this vehicle because it was parked in a no-parking zone, and the individuals near the car and the vehicle itself matched those described in a robbery in the vicinity the previous day. Cardon testified that he later learned that the individuals were Herbert Jenkins (Jenkins), Louis Pina (Pina), and defendant Anthony Ratchford (Ratchford or defendant). Cardon saw defendant drive off in the Oldsmobile, with Pina and Jenkins inside.

Cardon informed Sergeant Timothy Tapley (Tapley), his supervisor, of his ongoing observations of the Oldsmobile, and they followed the car onto Route 113 in an easterly direction. Tapley activated his emergency lights but defendant did not respond so Tapley and Cardon pursued the Oldsmobile onto Interstate 95. After a few miles, the vehicle drove up an embankment and crashed into a tree. The defendant was pinned behind the dashboard and had to be extricated by the "jaws of life." Lieutenant Ronald Blackmar (Blackmar) of the Cranston Police Department testified that on November 22, 1996, he responded to a call for Cranston police to come to the scene of an accident off Route 95. When he arrived, he observed an individual he later identified as defendant trapped behind the steering wheel. All three occupants of the vehicle were eventually taken to Rhode Island Hospital. Jenkins and Pina died from their injuries, and defendant, who was on probation for two prior offenses, was charged with two counts of operating a vehicle in reckless disregard of the safety of others, death resulting, and a single count of possession of a stolen motor vehicle.

On August 13, 1997, a probation revocation hearing was held. The hearing justice found that defendant had violated the terms of his probation on both prior offenses and without delay, lifted the suspensions on defendant's prior sentences, four years on one and ninety months on the other. The defendant was not given the opportunity to address the court prior to the reinstatement of his previously suspended sentences.

The defendant argued on appeal that: (1) the hearing justice denied him his constitutionally guaranteed right of allocution; (2) the judgment of conviction improperly stated that his sentences are to be served consecutively; and (3) the hearing justice improperly admitted hearsay testimony.

### Consecutive Sentences

■ At the probation revocation hearing, the hearing justice did not state on the record whether the sentences were to be served concurrently or consecutively. The judgment of conviction entered in this case, however, was signed by the hearing justice and states that defendants sentences were to be served consecutively. The defendant argued that the judgment of conviction incorrectly imposed the sentences to be served consecutively rather than concurrently.

The defendant was on probation for two prior convictions. In 1988, he was convicted of an offense and sentenced to ten years, seven and one-half of which were suspended, with seven and one-half years probation upon his release from custody. In 1993, he was convicted of two other counts and sentenced to five years, with four years suspended and four years of probation. Several documents in the record clearly state that the sentence imposed in 1993 was to run consecutively to the sentence already being served. Therefore, the hearing justice at the probation revocation hearing did not err in executing defendant's previously suspended sentences consecutively.

### Right of Allocution

■ Rule 32(a)(1) of the Superior Court Rules of Criminal Procedure provides in relevant part: "Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask the defendant if he or she wishes to make a statement in his or her own behalf and to present any information in mitigation of punishment." The defendant argued that he was denied this right of allocution when the hearing justice, after finding that he violated the terms of both his probations, reinstated his suspended sentences without giving him the opportunity to address the court. The defendant contended that this right was constitutionally protected under article 1, section 10, of the Rhode Island Constitution, and was applicable to a probation revocation hearing.

The state, in contrast, argued that the right of allocution attaches only when sentence is originally imposed, not upon its mere execution, and therefore defendant had no right of allocution at the hearing at which his previously imposed sentences were executed. Because trial judges customarily inquire whether defendants wish to address the court in these circumstances, this issue has evaded our review.

■ Our prior caselaw clearly holds that a defendant must be provided with a right to "address the court before the trial justice pronounces sentence," and that "[t]he right of allocution in this state is a right of constitutional dimension." *State v. Brown,* 528 A.2d 1098, 1105 (R.I.1987). The process due a defendant in a probation revocation hearing, however, "is less formal than the full panoply of rights afforded at a criminal trial," *State v. Desrosiers,* 559 A.2d 641, 643 (R.I.1989), because a probation revocation hearing is "not part of the criminal prosecution process," *State v. Kennedy,* 702 A.2d 28, 31 (R.I.1997), but is a civil proceeding. *State v. Smith,* 721 A.2d 847, 848 (R.I.1998).

Rule 32(f), which requires a hearing before the revocation of probation, does not explicitly provide for a right of allocution, noting only that at such a hearing "defendant shall be afforded the opportunity to be present and apprised of the grounds on which such action is proposed." However, G.L.1956 § 12–19–9 provides that when a defendant stands accused of violating the terms and conditions of probation, "[t]he court shall conduct a hearing to determine whether the defendant has violated the

terms and conditions of his or her probation, at which hearing the defendant shall have the opportunity to be present and *to respond.*" (Emphasis added.) Section 12–19–9 further declares that:

"[u]pon a determination that the defendant has violated the terms and conditions of his or her probation the court, in open court and in the presence of the defendant, may remove the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed, as to the court may seem just and proper."

In the case before us, the hearing justice failed to grant defendant or defense counsel the opportunity to present argument concerning the amount of punishment or to present any factors that might be considered in mitigation of the imposition of consecutive sentences. After hearing several witnesses and rejecting defense counsels argument that the state failed to prove its case, the hearing justice adjudged defendant a violator and abruptly terminated the proceeding.

"THE COURT: * * * I find that Mr. Ratchford is a violator of the terms and the conditions of his release and I so violate him. Let me see the cases. Which one am I violating him on? On P2/93–1080B the defendant is on a four-year suspended sentence, four years probation. I violate him on that.

"MR. LAZIEH: And on P2/87–0222A the defendant is on 90 months suspended sentence.

"THE COURT: 90 months?

"MR. LAZIEH: 90 months, your Honor. ·

"THE COURT: I violate him on that also. The Court will be in recess."

Moreover, although the judgments of conviction reflect that the 1992 conviction was made consecutive to his 1987 sentence, and defendant was alleged to be in viola-tion of his probation in both cases, the notice of violation filed pursuant to Rule 32(f) made no reference to the consecutive nature of the sentences. Indeed, the record reflects that the judgment of violation that was entered by the hearing justice is the only reference to the fact that the sentences were ordered to run consecutively to each other.

■ Therefore, although we conclude that no constitutional right of allocution exists in probation revocation hearings, it is our opinion that whenever, as here, the trial justice is called upon to exercise his or her discretion in determining, in open court and in the presence of the defendant, how much of the suspended sentence, if any, should be imposed and whether or not the sentences should be ordered to run consecutively, the better practice is to permit counsel to address the court concerning any factors which may assist the court in fashioning a sentence that "as to the court may seem just and proper." Defense counsel was not given the opportunity to address the court with respect to any mitigating factors which might militate against the imposition of a consecutive sentence. Further, the trial justice made no reference in the probation revocation hearing to the fact that he was ordering the sentences to run consecutively. Notably, defendant subsequently filed motions to correct his sentence, alleging that the imposition of consecutive sentences was unlawful, but these motions were passed and later withdrawn. We are satisfied that in the specific context of this case, it was error for the trial justice to fail to give defense counsel an opportunity to address the court before sentence was ordered to be executed where no reference to consecutive sentences was made by the trial justice in open court.

Accordingly, we vacate the sentence previously imposed. We remand the case for resentencing, at which time the hearing justice may reimpose or modify the sentence after hearing from defense counsel

with respect to any mitigating factors that "to the court may seem just and proper."

## Hearsay

■ Lastly, defendant argued that the hearing justice improperly admitted hearsay testimony from "[a] police officer" regarding the identity of the driver of the car in the accident, apparently referring to Cardon's testimony identifying defendant as the driver of the Oldsmobile. The state argued that although Cardon admitted that his knowledge of defendant's name was not based on personal knowledge, he testified to facts sufficient for, the hearing justice to make the finding that defendant was in fact the driver of the Oldsmobile in question.

■ At a probation revocation hearing, the state need only prove a violation by reasonably satisfactory evidence, and this Courts review is limited to a consideration of whether the hearing justice acted arbitrarily or capriciously in finding that a violation had occurred. *Kennedy,* 702 A.2d at 31. Additionally, we have held that "strict application of the rules of evidence is not required at a probation-violation hearing." *State v. Rioux,* 708 A.2d 895, 898 (R.I.1998).

It is clear from our review of the record that the hearing justice did not act in an arbitrary or capricious fashion either in allowing Cardon to testify or in determining that a violation occurred. At the hearing, the witnesses completed their accounts of the events of the evening of November 22, 1996, and defense counsel argued to the hearing justice that the state had failed to prove that defendant was behind the wheel at the time of the accident. The hearing justice rejected this argument, noting that Cardon testified that he saw defendant get into the driver's seat in the mall parking lot and defendant had been pinned behind the steering wheel until he was removed by the "jaws of life." The hearing justice explained that he thought that the court "in this type of evidence, can take a reasonable inference that Mr. Ratchford was the driver of the vehicle." We are of the opinion that the hearing justice clearly drew reasonable inferences from the testimony before him and therefore correctly found that the defendant violated the terms and conditions of his probation of his two prior offenses.

In conclusion, therefore, we deny and dismiss the defendants appeals in respect to the power of the court to impose consecutive sentences and the court's admission of alleged hearsay identification of the defendant and affirm those aspects of the Superior Court judgment. We sustain the defendant's appeal on the issue of his right to address the court prior to the execution of his previous sentences and remand this case to the Superior Court for resentencing.

FLANDERS, Justice, with whom Justice BOURCIER joins, dissenting in part.

We respectfully dissent from that portion of the Court's opinion concerning an alleged violation of the defendant's right to respond at a probation-violation hearing. In this case, the Superior Court gave the defendant the opportunity to be present at the probation-violation hearing and to respond to the charge that he had violated the terms and conditions of his probation. This is all that G.L.1956 § 12–19–9 requires, especially in light of the fact that, as the Court recognizes, no constitutional right of allocution exists at probation-violation hearings.[1] Moreover, after the hearing justice turned to the defendant's lawyer at the conclusion of the evidence and

---

1. This interpretation of G.L.1956 § 12–19–9 is consistent with our prior holding that a probation-violation hearing "is not part of the criminal prosecution process 'and, thus, does not call for the full panoply of rights due a defendant in such a criminal proceeding.'"

*State v. Kennedy,* 702 A.2d 28, 31 (R.I.1997) (quoting *State v. Bourdeau,* 448 A.2d 1247, 1248 (R.I.1982)); see also *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656, 661–62 (1973).

stated, "I will hear you," the court did not preclude defense counsel from addressing the appropriate disposition in the event that, notwithstanding the defendant's arguments, the court found that the defendant had violated his probation. Although at this stage of the proceedings, the hearing justice had not yet made a finding of a probation violation, defense counsel could have taken this opportunity to address this issue, if only in the form of an alternative argument, should the court adjudge the defendant a probation violator. Such an alternative argument on liability and possible remedies is not unusual in other civil proceedings. For example, in civil cases where the parties seek damages, defense counsel in closing arguments frequently address not only liability issues, but also what damages, if any, would be appropriate if the fact finder should rule against the defendant(s) on the liability portion of the case. Indeed, unless the court bifurcates liability and remedies issues in civil cases, it typically requires and expects defense counsel(s) to address both issues during their final arguments to the court or to the jury. Probation-violation hearings usually follow this same practice for both the violation and disposition aspects of the proceeding. Thus, we see no reason in either Rule 32(f) of the Superior Court Rules of Criminal Procedure or in other applicable law why we should now impose a different interpretation on § 12–19–9, especially when no party gave the hearing justice the opportunity to consider this question in the first place.

For this last reason, we also do not believe that defendant properly preserved his right-to-a-sentence-execution-hearing/right-of-allocution argument for the purposes of this appeal, and therefore, he has waived his right to raise this issue in this Court for the first time. *See State v. Lyons,* 725 A.2d 271, 273 (R.I.1999). Neither defendant nor his counsel ever asked the hearing justice if he would hear one of them separately on the question of whether the court should execute all or a portion of the suspended sentences against defen-

dant following the court's finding of a probation violation. Similarly, defendant never objected to the hearing justice recessing the hearing without first determining in open court and in defendant's presence what portion of defendant's previously imposed, but suspended, sentences the court would execute against him and without first giving defendant an additional opportunity to address this specific issue in a separate hearing. Indeed, defendant never asked the hearing justice to consider this disposition issue at all: not before, during, or after the probation-violation hearing. Rather, after finding that defendant had violated his probation in connection with two previously imposed sentences, the hearing justice recessed the hearing without stating what action he intended to take with respect to executing all or a lesser portion of either one or both of the prior sentences in consequence of his finding defendant to be a probation violator. Thus, the hearing justice's decision to require defendant to serve consecutively all of the years imposed by both of the previously suspended sentences did not occur until after the hearing when he memorialized his decision on this question by entering a judgment of conviction and commitment reflecting his determination.

Although the hearing justice's failure to make this sentencing determination in open court in the presence of defendant was not in compliance with the prescribed statutory procedure ("Upon a determination that the defendant has violated the terms and conditions of his or her probation the court, *in open court and in the presence of the defendant,* may remove the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed, as to the court may seem just and proper." Section 12–19–9 (emphasis added)), defendant never objected to the fact that the hearing justice's disposition on the violation did not

occur in open court in defendant's presence, and thus, this issue is not properly before us on appeal. Moreover, the critical point for purposes of this appeal is that the hearing justice never learned that defendant wished to be heard separately on this sentence-execution issue, much less that defendant objected to any disposition on the probation-violation finding without the court first affording him or his counsel the chance to speak to this question separate and apart from defendant's previous opportunity to be heard concerning why the court should not adjudge him a violator. Thus, under our well-settled raise-or-waive rule, defendant may not rely upon this issue on appeal without first having presented it to the hearing justice.[2] *Lyons*, 725 A.2d at 273.

Further, on the merits of this question, we do not believe that the defendant enjoys any such right to a separate, post-finding-of-a-violation hearing to address exactly what previously imposed sentence(s) the court should execute against him after the hearing justice already has found the defendant to be a probation violator. The requirement in § 12–19–9 that the defendant "shall have the opportunity to be present and to respond" refers to the same statute's requirement that "[t]he court shall conduct a hearing to determine whether the defendant has violated the terms and conditions of his or her probation" and not to any subsequent determination by the court concerning what previously imposed sentences, if any, it should execute against the defendant. Indeed, neither Rule 32(f) nor applicable case law requires a separate hearing on

this issue before the hearing justice determines "in open court and in the presence of the defendant" what portions of one or more previously imposed sentences, if any, shall be executed against the defendant in consequence of a probation-violation finding. Even if the better practice—let alone civility considerations—would be to give the defendant and/or his counsel a specific and discrete opportunity to address the court again (after the court has found a probation violation) on what previously imposed sentence(s), or portions thereof, it should execute against the defendant in the wake of the court's finding of a probation violation, we think that if such a separate right is to be created, then it should occur in the context of an amendment to Rule 32(f) or to § 12–19–9 rather than emerging from this Court's reading of such a new procedure into the "opportunity to be present and to respond" requirement of § 12–19–9.

For these reasons, we respectfully dissent from that portion of the Court's opinion which addresses the defendant's right to respond to the issues pertaining to the execution-of-prior-sentences determination at a probation-violation hearing. However, we join in the rest of the Court's opinion. As a result, rather than remand this case to the Superior Court for resentencing, we simply would affirm the judgment and dismiss the appeal.

2. Even assuming that defendant's lawyer was caught off-guard when the hearing justice abruptly ruled that defendant had violated his probation and immediately thereafter recessed the hearing, no reason exists why defendant could not have filed a post-hearing objection to this procedure or a motion asking to be heard separately on what disposition would be appropriate. But defendant never filed such a motion or otherwise attempted to alert the hearing justice that he objected to any disposition on the probation-violation

finding until he or his counsel could be heard on this issue. Rather, defendant and his lawyer remained silent until August 18, 1997, at which time defendant finally moved to correct the sentences, but *only* on the grounds that the court should not have imposed them consecutively. In any event, defendant never claimed that he was entitled to a separate, post-violation hearing before the hearing justice memorialized his sentencing determination. Thus, he should not be allowed to raise this objection for the first time on appeal.