**STATE**

v.

**John J. NANIA.**

**No. 99–240–C.A.**

Supreme Court of Rhode Island.

Dec. 7, 2001.

Aaron L. Weisman, Providence, for Plaintiff.

Janice M. Weisfeld, Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on November 5, 2001, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and considering the memoranda of the parties, we conclude that cause has not been shown. Accordingly, we shall decide the appeal at this time.

John J. Nania (defendant or Nania), appeals from an adjudication of probation violation and raises three issues for our consideration. Nania was tried and convicted in 1991 of entering a building or dwelling with felonious intent and was sentenced to a term of eight years at the Adult Correctional Institutions, with one year to serve, and the remaining seven years suspended, with probation. He seeks reversal of the judgment declaring him to be a violator on the ground that the hearing justice erred in deciding that the complainant's version of the events was the more credible testimony. Further, he argues that the trial justice erroneously restricted defense counsel's cross-examina-

tion of the complainant about the truthfulness of his direct testimony, and finally, defendant argues that the trial justice erred in imposing sentence without first hearing argument from his attorney, or allocution from defendant, about the length of the sentence he was ordered to serve.

■ When reviewing a probation violation determination, this Court's inquiry is limited to whether, in finding a violation, the trial justice acted arbitrarily or capriciously or was otherwise clearly wrong. *State v. Hull*, 754 A.2d 84, 86 (R.I. 2000)(per curiam). Further, the credibility of witnesses and the weight to be accorded their testimony is solely the function of the trial justice. *Id.* "This court, with only a barren record before it rather than the flesh and bones of live witnesses, cannot possibly evaluate credibility." *State v. Kennedy*, 702 A.2d 28, 33 (R.I.1997) (quoting *State v. Studman*, 121 R.I. 766, 770, 402 A.2d 1185, 1187 (1979)).

■ The trial justice in this case heard the testimony of the witnesses, evaluated their demeanor on the witness stand and decided which witness was worthy of belief. The defendant has not provided this Court with any basis for disturbing the trial justice's conclusion that the complainant was the more credible witness. Additionally, any inconsistencies in this testimony are appropriately addressed on cross-examination and do not necessarily negate the value of a witness' testimony. Rather, such inconsistencies are factors that are part of the credibility determination, but are not conclusive.

■ The defendant next argues that the trial justice should not have prevented him from cross-examining the complainant about the truthfulness of his direct testimony. The defendant posits that the issue of whether the complainant was lying was of "paramount importance" to the hearing.

The defendant argues that an accused is entitled to confront and cross-examine his or her accusers, notwithstanding the limited constitutional protections and relaxed evidentiary rules applicable to probation revocation proceedings. *See Morrissey v. Brewer*, 408 U.S. 471, 488–89, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484, 498–99 (1972). We are satisfied that the trial justice did not err in restricting the defendant's cross-examination of the victim in this case. Credibility determinations rest with the trier of fact, and the issue of a witness' veracity is reserved for the fact-finder.

■ Finally, defendant argues that, before imposing sentence, the hearing justice should have permitted his attorney to argue concerning the length of the sentence he was ordered to serve and further, that the hearing justice should have permitted allocution in mitigation of sentence. The defendant points to *State v. Ratchford*, 732 A.2d 120 (R.I.1999), as support for the position that the "better practice is to permit counsel to address the court concerning any factors which may assist the court in fashioning a sentence that 'as to the court may seem just and proper.'" *Id.* at 123 (quoting G.L.1956 § 12–19–9). Specifically, defendant argues that although counsel was permitted to address the court on the question of whether a violation had occurred, the court then proceeded to order defendant to serve the entire seven years of the previously imposed sentence without hearing from the defendant's attorney on this separate issue.

We note at the outset that although defendant was presented as a violator on numerous felony offenses, sentence was imposed in only one of those cases. We contrast this with the hearing in *Ratchford*, where, at the conclusion of the hearing, the defendant was sentenced on more than one felony case and the sentences were imposed consecutively, notwithstand-

ing that the notice of violation was silent on the consecutive nature of the sentences. *Ratchford*, 732 A.2d at 123.

 Rule 32(f) of the Superior Court Rules of Criminal Procedure provides that a defendant be afforded a hearing before probation is revoked. General Laws 1956 § 12–19–9 specifies that a hearing must be held to determine whether a defendant had in fact violated the terms and conditions of previously imposed probation. Additionally, this section affords a defendant the opportunity to respond to these accusations. However, once a defendant is declared to be a violator, neither section requires allocution or argument before a suspension of sentence is lifted and the sentence is ordered to be served.[1] Although in *Ratchford*, we held that the better practice is to permit counsel to address the court concerning any factors in mitigation and factors that might militate against the imposition of a consecutive sentence, we are satisfied that our holding in *Ratchford* is applicable to situations in which the hearing justice intends to impose consecutive sentences or to impose a sentence on more than one case.

In the present case, the trial justice satisfied both § 12–19–9 and Rule 32(f); the defendant's counsel was provided an opportunity to address the hearing justice before his decision on the ultimate issue, whether the defendant had violated the terms and conditions of his probation. No error was committed, therefore, by ordering the suspension of sentence to be lifted and the sentence to be served on a single felony case.

Accordingly, the defendant's appeal is denied and dismissed and we affirm the judgment of the Superior Court. The papers are remanded to the Superior Court.

---

[1] Obviously, in cases in which a sentence was previously deferred or a defendant has been placed on probation without a sentence, defendant is entitled to the full panoply of rights attendant to a sentencing proceeding, including a pre-sentence report, allocution and argument of counsel.