**Supreme Court**

No. 2011-323-C.A.

(P2/00-849A)

State                                  :

v.                                  :

Curtis Isom.                              :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                              :

   v.                              :

Curtis Isom.                       :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  The defendant, Curtis Isom, appeals from an order of a Superior Court magistrate that denied his motion to vacate what he argued was an illegal sentence that was imposed after he admitted to violating the terms and conditions of his probation.  On appeal, the defendant argues that: (1) the magistrate who revoked five years of his suspended sentence exceeded her authority in doing so; (2) the trial justice who subsequently heard the defendant's motion to vacate that sentence erred when he declined to address the motion and instead returned it to the original sentencing magistrate to decide; (3) G.L. 1956 § 12-19-18 requires that the defendant's sentence be quashed and his imprisonment terminated; and (4) even if the revocation of five years of the defendant's suspended sentence was proper, the magistrate erroneously calculated the amount of time that remained suspended after those five years.  For the reasons set forth in this opinion, we conclude that subsequent events have caused much of this appeal to become moot, and we therefore decline to address its merits.  However, the parties do not dispute that the magistrate erroneously calculated the time remaining on the defendant's suspended sentence and probationary period, and, therefore, we remand the

- 1 -

matter to the Superior Court for a hearing to calculate the proper probationary period and suspended sentence remaining.

# I

## Facts and Travel

On February 28, 2000, defendant pled nolo contendere to one count of breaking and entering; he received a fifteen-year sentence, with two years to serve and the remainder suspended, with probation. Over the next several years, the state filed five notices of probation violation against defendant under Rule 32(f) of the Superior Court Rules of Criminal Procedure.[1] The first, filed on August 19, 2002, resulted in defendant being adjudged a violator of his probation, and three years of his remaining thirteen-year suspended sentence were revoked. The second, filed on March 14, 2006, resulted in another adjudication of violation against defendant, and fifty days more of his suspended sentence were revoked. No judgment was entered on the third notice of violation; however, a fourth was filed on December 31, 2008, alleging that defendant had violated G.L. 1956 § 11-8-2 by breaking and entering a residence.[2] It is the

---

[1] Rule 32(f) of the Superior Court Rules of Criminal Procedure, entitled "Revocation of Probation," provides:

> "The court shall not revoke probation or revoke a suspension of sentence or impose a sentence previously deferred except after a hearing at which the defendant shall be afforded the opportunity to be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing. Prior to the hearing the State shall furnish the defendant and the court with a written statement specifying the grounds upon which action is sought under this subdivision."

[2] General Laws 1956 § 11-8-2 provides:

> "(a) Every person who shall break and enter at any time of the day or night any dwelling house or apartment, whether the dwelling house or apartment is occupied or not, or any outbuilding or garage attached to or adjoining any dwelling house, without the consent of the owner or tenant of the dwelling house, apartment, building, or garage, shall be imprisoned for not less than two (2) years and not

disposition of that fourth violation that forms the basis of defendant's appeal to this Court.[3]

On March 12, 2009, a hearing was held in the Superior Court on the fourth alleged probation violation. At that hearing, defendant and the state agreed that defendant would admit to violating the terms and conditions of his probation and that five years of his suspended sentence would be revoked. Both sides also agreed that if the state were to pursue a case against defendant on the new charge of breaking and entering that had precipitated the notice of violation, then, in that case, the state would agree to a fifteen-year sentence on that charge, with five years to serve, concurrent with the five years that defendant would serve for the probation violation. Later, in open court, the following exchange occurred between defendant and the magistrate:

> "THE COURT: Okay. Thank you. Mr. Isom, did you have plenty of time to discuss this with your lawyer.
>
> "THE DEFENDANT: Yes, ma'am.

---

> more than ten (10) years for the first conviction, and for the second and subsequent conviction shall be imprisoned for not less than four (4) years and not more than fifteen (15) years, or fined not more than ten thousand dollars ($10,000), or both.
> "(b) Every person convicted pursuant to subsection (a) of this section shall be ordered to make restitution to the victim of the offense or to perform up to five hundred (500) hours of public community restitution work, or both, or any combination of them approved by the sentencing judge. The court may not waive the obligation to make restitution and/or public community restitution work. The restitution and/or public community restitution work shall be in addition to any fine or sentence which may be imposed and not in lieu of the fine or sentence."

The fourth notice of violation was also filed in a separate matter in which defendant had pled nolo contendere to driving a vehicle without the consent of the owner in 2007, for which he received a three-year suspended sentence, with probation. That sentence was being served concurrently with the sentence that was imposed in 2000 for breaking and entering.

[3] The fifth notice of violation was filed on July 13, 2011, and resulted in another adjudication of violation against defendant, and thirty months of his suspended sentence were revoked.

"THE COURT: And you understand that you have a right to the, a hearing on these violations?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: And do you wish to give up your right to that hearing today and admit to the violations?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: Okay. Understanding that you're being sentenced to five years to serve on those violations, retroactive to the date of December 27th of last year?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: Okay. Defendant admits and is declared to be a violator. That sentence just mentioned is imposed.

"THE CLERK: Five years, is that coming off one of the specific cases * * *?

"[THE PROSECUTOR]: That can come off of [the 2000 case], and that would leave a balance of eight years suspended with probation on that case. And the [2007] case may be continued on the same.

"THE CLERK: Thank you

"THE COURT: All set."

Judgment was entered on April 24, 2009, revoking five years of defendant's previous suspended sentence and retaining eight years of that suspended sentence, with probation.

Subsequently, defendant filed what he styled a motion for modification or reduction of his sentence and a separate motion to vacate his sentence, in which he asserted that he "was under the impression" that after admitting to the violation, the substantive charges and the violation would be "wrapped up," with both sentences of five years to run concurrently. He further contended that he never would have admitted to the violation if he knew that the new charges that had been brought against him would not be prosecuted. He argued that his

- 4 -

admission was therefore not knowing and voluntary and that the prosecutor and his attorney "pushed" the deal on him. He also argued that the sentencing magistrate "did not have the authority to sign the entry of final judgment."

The defendant's motion came before a trial justice of the Superior Court on July 24, 2009; however, the trial justice did not take the matter up, but reassigned the motion to the sentencing magistrate because she "[wa]s the proper party * * * hav[ing] taken the admission to the violation in this particular matter." On August 12, 2009, the sentencing magistrate conducted a hearing on defendant's motions. At that hearing, she reviewed the transcript of the March 12, 2009 probation violation hearing, in which defendant indicated that he understood the agreement that the parties had reached and that he had been afforded "plenty of time" to discuss the proposed disposition of the violation with his attorney. The sentencing magistrate then denied defendant's motions, and an order to that effect was entered on September 6, 2011. The defendant timely appealed to this Court. Then, significant to our consideration, on February 28, 2013—the day this case was argued before us—counsel candidly informed this Court that defendant was to be released from prison on the next day, March 1, 2013.

## II

### Standard of Review

"The sole issue for consideration at a probation-violation hearing is 'whether or not the defendant has breached a condition of his or her probation by failing to keep the peace or remain on good behavior.'" State v. Gilbert, 984 A.2d 26, 29 (R.I. 2009) (quoting State v. Tetreault, 973 A.2d 489, 491 (R.I. 2009)). In reviewing "a hearing justice's decision in a probation violation proceeding," it is not the function of this Court to weigh the credibility of witnesses, but rather, our review is "limited to considering whether the hearing justice acted arbitrarily or capriciously

in finding a violation." <u>State v. Sylvia</u>, 871 A.2d 954, 957 (R.I. 2005) (quoting <u>State v. Rioux</u>, 708 A.2d 895, 897 (R.I. 1998)); <u>see also</u> <u>State v. McLaughlin</u>, 935 A.2d 938, 942 (R.I. 2007).

Additionally, we review questions of law, including constitutional questions and those concerning statutory interpretation, <u>de novo</u>. <u>Rhode Island Mobile Sportfishermen, Inc. v. Nope's Island Conservation Association, Inc.</u>, 59 A.3d 112, 118 (R.I. 2013); <u>State v. Lopez</u>, 45 A.3d 1, 11 (R.I. 2012).

## III

### Discussion

In the past, this Court has held that we "first must address the threshold issue of justiciability before we may entertain the merits of the parties' substantive arguments." <u>City of Cranston v. Rhode Island Laborers' District Council, Local 1033</u>, 960 A.2d 529, 533 (R.I. 2008). "If this Court's judgment would fail to have a practical effect on the existing controversy, the question is moot, and we will not render an opinion on the matter." <u>Id.</u> Furthermore, "[a] case is moot if it raised a justiciable controversy at the time the complaint was filed, but events occurring after the filing have deprived the litigant of an ongoing stake in the controversy." <u>Id.</u> (quoting <u>Seibert v. Clark</u>, 619 A.2d 1108, 1110 (R.I. 1993)).

Moreover, we have held that "the completion of a prisoner's sentence renders his or her appeal from the revocation of a term of supervised release moot." <u>State v. Cosores</u>, 891 A.2d 893, 894 (R.I. 2006) (mem.); <u>see also</u> <u>State v. Jones</u>, 969 A.2d 676, 679 n.3 (R.I. 2009). In this case, the parties agree that, because defendant has been released from prison, the issues that were raised about his admission of probation violation and the length of time that he was required to serve for violation of the terms and conditions of his probation are moot.

The only issue that remains is whether the sentencing magistrate erred when she calculated the time that remains on the defendant's suspended sentence and probation. The state concedes that the sentencing magistrate did, in fact, err when she made that calculation. Therefore, we shall remand this matter to the Superior Court for a hearing to recalculate the length of time that remains on the defendant's suspended sentence and probation.

## IV

## Conclusion

For the reasons stated herein, the defendant's appeal is granted in part and denied in part. The matter is remanded to the Superior Court for proceedings consistent with this opinion.


**TITLE OF CASE:**     State v. Curtis Isom.

**CASE NO:**     No. 2011-323-C.A.
(P2/00-849A)

**COURT:**     Supreme Court

**DATE OPINION FILED:**   April 11, 2013

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**     Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice William E. Carnes, Jr.

Magistrate Susan L. Revens

**ATTORNEYS ON APPEAL:**

For State:  Aaron L. Weisman
                   Department of Attorney General

For Defendant:  Susan B. Iannitelli, Esq.