**Supreme Court**
No. 2012-140-Appeal.

Christopher C. Welch          :

v.          :

BAC Home Loans Servicing, LP, et al.          :

# O R D E R

The plaintiff, Christopher C. Welch, appeals from an order and judgment dismissing (with prejudice) his complaint for failure to state a claim upon which relief can be granted. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and to show cause why the issues raised in this appeal should not be summarily decided. After a careful review of the record and after consideration of the parties' written and oral arguments, we are satisfied that cause has not been shown and that this appeal may be decided at this time. For the reasons set forth in this order, we affirm the order and judgment of the Superior Court.

On July 13, 2011, plaintiff filed a motion for a temporary restraining order and preliminary injunction in the Superior Court seeking to enjoin defendants from proceeding with a foreclosure sale of plaintiff's property; he also sought a hearing on the merits "to provide an opportunity for examining home foreclosure issues in Rhode Island at greater length." The defendants responded with a motion to dismiss plaintiff's complaint, arguing that the complaint did not allege facts sufficient to state a claim upon which relief could be granted. The defendants

- 1 -

additionally contended that plaintiff's complaint should be dismissed for improper venue because it was not filed in the county in which his property was located. In his objection to defendants' motion to dismiss, plaintiff argued that defendants had failed to address what he contended was the true issue—namely "the impact of the [Uniform Commercial Code] and property law more generally with its holder requirements."

At a hearing on November 29, 2011, the parties agreed that there had been no foreclosure on the property and that none was scheduled. When asked by the trial justice whether or not, "[i]n light of the fact that * * * no foreclosure has occurred and none is scheduled," plaintiff still intended to pursue his complaint, plaintiff replied as follows:

> "You are correct in point, yes, it's a very odd posture for us to be in. This is, after all, a motion for a temporary injunction for a restraining order. And to that extent, it's sort of irrelevant, since there is no foreclosure pending. It may be that we need to address some of the underlying issues."

The parties and the court then proceeded to discuss the intricacies involved in the foreclosure process as well as the proper entities that were entitled to foreclose. The plaintiff was not pressing the latter issue, nor does he press that argument on appeal. Following that hearing, an order and judgment entered granting defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure and dismissing plaintiff's complaint with prejudice, after having incorporated certain earlier decisions of the court "finding that Federal National Mortgage Association has the authority to foreclose pursuant to Rhode Island law."

We are first confronted with the question as to whether or not there is even a justiciable issue before us to be decided. See State v. Isom, 62 A.3d 1120, 1124 (R.I. 2013) ("In the past, this Court has held that we first must address the threshold issue of justiciability before we may entertain the merits of the parties' substantive arguments." (internal quotation marks omitted)).

With respect to justiciability, we require a plaintiff to "maintain a personal interest in the outcome throughout the course of the litigation or the controversy becomes moot and, therefore, stripped of justiciability, despite the court's retention of subject-matter jurisdiction." Boyer v. Bedrosian, 57 A.3d 259, 271 (R.I. 2012).

In this case, the plaintiff filed a motion for a temporary restraining order and preliminary injunction requesting the court to enjoin the defendants from foreclosing on his property, and he has conceded the fact that no foreclosure proceedings were pending when the suit was dismissed, nor were they at the time of oral argument. In our view, the plaintiff no longer maintains a personal interest in the outcome. We hold that the issue before us is not justiciable, and we see no need to address the issues argued in this appeal any further. See Boyer, 57 A.3d at 283. To do so would be to render an advisory opinion on issues that are not properly before us. Accordingly, we affirm the order and judgment of the Superior Court.

Entered as an Order of this Court this *21st* day of *May, 2013.*

By Order,

_____/s/_____
Clerk



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## Clerk's Office Order/Opinion Cover Sheet

**TITLE OF CASE:**       Christopher C. Welch v. BAC Home Loans Servicing, LP, et al.

**CASE NO:**             No. 2012-140-Appeal
                         (KC 11-863)

**COURT:**               Supreme Court

**DATE ORDER FILED:**    May 21, 2013

**JUSTICES:**            Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**          N/A – Court Order

**SOURCE OF APPEAL:**    Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Allen P. Rubine

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Christopher C. Welch, Pro se

For Defendant:  Thomas R. Lavallee, Esq.